| 37 | 687 |
|-----|-----|
| 109 | 585 |
| 37 | 687 |
| 113 | 279 |

## HARRISON *vs.* McCRARY.

[BILL IN EQUITY FOR SPECIFIC PERFORMANCE OF AWARD, SETTLEMENT OF PARTNERSHIP ACCOUNTS, INJUNCTION, &C.]

1. *Injunction of action at law.*—A court of equity will not enjoin an action at law for a trespass, on the ground that the plaintiff therein is, and

was at the time of the alleged trespass, indebted to the defendant on account of other matters, and is insolvent.

2. *Dissolution of injunction, without dismissal of bill.*—An injunction may properly be dissolved for want of equity, where the allegations of the bill are not sufficient to authorize the interference of the court by injunction, although the bill may be retained for other relief.

APPEAL from the Chancery Court of Dallas.
Heard before the Hon. JAMES B. CLARK.

THE complainant in this case, L. C. Harrison, and P. R. McCrary, the defendant, formed a mercantile partnership in October, 1851; the business to be conducted in the town of Summerfield, in Dallas county, and to continue for the period of five years, unless sooner dissolved by agreement. On the 22d December, 1853, Harrison bought out McCrary's interest in the firm, and employed him, at a fixed salary, to collect the outstanding debts; and the profits and losses of the business up to that time, as shown by the books, were adjusted between them by written agreement. It was soon afterwards discovered that the data on which this agreement was based were incorrect, and the parties thereupon entered into another written agreement, which provided, in substance, that the settlement between them should be made according to the principles of the original articles of partnership, instead of the second agreement above mentioned. Not being able to settle the partnership accounts between themselves, the parties entered into a written agreement, under seal, dated the 23d September, 1857, to submit the matters in dispute to arbitration; the award to be entered up as the judgment of the circuit court, under the provisions of the Code. On the 4th May, 1858, an award was made by two of the arbitrators, deciding that McCrary was indebted to Harrison in the sum of $5,767 57. This award was filed in the office of the circuit clerk, and an execution was thereon issued against McCrary, which was levied on four slaves; and these slaves were afterwards sold under the execution, and were purchased at the sale by Harrison. At the term of the circuit

court to which the execution was returnable, McCrary made a motion to quash it, and to set aside the award; and his motion having been overruled, he excepted to the ruling and decision of the circuit court, and sued out an appeal to the supreme court, where, at the June term, 1860, the judgment of the circuit court was reversed, and the cause remanded,—the supreme court holding, that "the award was, at least *prima facie*, void."—See the case reported in 36 Ala. 577. Soon after the levy of the execution on the slaves, (at what precise time does not appear,) McCrary brought an action of trespass against Harrison, to recover damages for the taking of the slaves; and that action was pending on the 7th July, 1860, when Harrison filed his bill in equity against McCrary,—alleging, in addition to the facts above stated, that McCrary was largely indebted to him on account of the partnership transactions between them, and was insolvent. The prayer of the bill was, that the action at law might be perpetually enjoined, and the award specifically performed; or, in the event the court should decline to decree a performance of the award, that an account might be taken of all the partnership transactions, and that the value of the slaves, with their hire, might be applied to the satisfaction, *pro tanto*, of the amount which might be found due to the complainant; and the general prayer, for other and further relief, was added. On the filing of this bill, an injunction was granted by a circuit judge. After putting in an answer, in which was incorporated a demurrer, the defendant moved the chancellor to dismiss the bill for want of equity, and to dissolve the injunction. On the hearing of this motion, the chancellor dissolved the injunction, but refused to dismiss the bill for want of equity; and the dissolution of the injunction is now assigned as error by the complainant.

BYRD & MORGAN, for appellant, cited Story's Equity, §§ 893–97, 901, 902, 905, 907, 957–58; *Harrell v. Ellsworth*, 17 Ala. 576; *Burden v. Stein*, 27 Ala. 104.

44

PETTUS, PEGUES & DAWSON, *contra,* cited *Hamilton v.* *Adams,* 15 Ala. 596 ; *Wiggins v. Armstrong,* 2 Johns. Ch. 144 ; *Norris v. Norris,* 27 Ala. 519.

R. W. WALKER, J.—There was no error in the decree dissolving the injunction. The complainant admits that he committed a trespass in taking and carrying away the defendant's slaves; and he seeks to enjoin the action for that trespass, on the ground that the defendant is indebted to him on account of partnership transactions, and is insolvent. The well-settled rule, that a creditor at large, or before judgment, is not entitled to an injunction, to prevent the debtor from fraudulently disposing of his property, (*Wiggins v. Armstrong,* 2 Johns. Ch: 144 ; *Mercer v. Downs,* Hopkins' Ch. 365,) would seem to be decisive against the right to an injunction in this case. For, if the creditor can take his debtor's property by force, to secure his debt, and hold on to it by enjoining the action of trespass, he is permitted to accomplish by force, sanctioned in equity, that which the court would not allow him to do without force. To suffer that to be done, would be a plain violation of the familiar and wholesome principle, that a right cannot grow out of a wrong.—See, further, *Hamilton v. Adams,* 15 Ala. 596. In addition to this, a court of law is the proper tribunal to ascertain the damages, to which a party is entitled for a trespass upon his property. 'Smart money,' or vindictive damages, can be recovered at law ; but a court of equity cannot consider that question at all, and therefore cannot ascertain the damages. The effect of sustaining the injunction, in such a case, must be to deny the right of the injured party to smart money.

It is hardly necessary to add, that where a bill does not warrant an injunction, the injunction may properly be dissolved, although the bill may be retained for other relief.—*Norris v. Norris,* 27 Ala. 529.

Decree affirmed.