# Dean & King *v.* Elyton Land Co.

*Bill in Equity to enforce Lien and enjoin Collection of Judgment.*

1. *Landlord and tenant; bill in equity for the enforcement of lien; when no right shown to restrain collection of judgment against tenant.—* Where a landlord tortiously and without pursuing his legal remedy to enforce his lien, takes possession of his tenant's property, which is on the rented premises and upon which other parties hold a mortgage, and sells the same and applies the proceeds to payment of the rent then matured, upon the recovery by the mortgagees in an action of trespass of a judgment against the landlord for the taking of such property, the landlord can not maintain a bill in equity to enforce his lien and for relief against the judgment recovered at law by the

[Dean & King v. Elyton Land Co.]

mortgagees; the landlord as complainant in such bill not being able to come into equity with clean hands, and without showing that he has offended the property rights of him whom he sues.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The facts of the case are sufficiently stated in the opinion.

H. K. WHITE, for appellants.—1. The landlord's lien was forfeited or waived by the tortious taking of the mantels by appellee. The bill shows that the tortious taking was a fact established by the judgment in the court of law, for it admits that there was evidence tending to show that the mantels were taken and sold by the Elyton Land Company, without consent of the tenants. *Whitlock v. Heard*, 13 Ala. 776; *Nash v. Mosher*, 19 Wend. 431; *Mount v. Williams*, 11 Wend. 77.

2. The complainant in the present bill had the legal right to and could set up its landlord's lien as a defense to the action at law.—*McGowen v. Young*, 2 Stew. & Port. 160; *Ewing v. Blount*, 20 Ala. 694; *Williams v. Crum*, 27 Ala. 468; *East v. Pace*, 57 Ala. 521; *Folmer v. Copeland*, 57 Ala. 588; *Hass v. Taylor*, 80 Ala. 459; *Keith v. Ham*, 89 Ala. 590; 4 Amer. & Eng. Encyc. of Law, 120, n. 6.

ALEX T. LONDON and JOHN LONDON, *contra*.—The contention is that the unlawful or wrongful seizure by the lienholder of the property upon which he has a lien, operates to defeat and destroy the lien, although it is held that in a court of law where the lien can only be asserted as coupled with the posession lawfully obtained, that such unlawful act disables the lienholder from making such a defense. But in a court of equity, which has a peculiar jurisdiction of liens, and where the lien gives the right, and not the lien coupled with the lawful possession, the fact that the lienholder has acquired possession unlawfully, or has failed to acquire it at all, cannot in any manner affect his right to enforce his lien in this forum. It has been expressly decided that the lien exists independent of the statutory remedy for its enforcement.— *Westmoreland v. Foster*, 60 Ala. 448; *Carmen v. Ala. Nat. Bank*, 101 Ala. 189. And it can

b'e enforced in equity, although the common law courts may administer co-extensive relief.—*Westmoreland v. Foster, supra.* And this is further illustrated in the line of cases which hold that the landlord or other lienholder can maintain an action on the case against one who has sold the property upon which he has a lien and converted it into money.—*Thompson v. Merriman,* 15 Ala. 166; *Hussey v. Peebles,* 53 Ala. 432.

HEAD, J.—The complainant, The Elyton Land Company, held a landlord's lien on certain mantels belonging to Rumph and Benton, for the rent of a storehouse rented by them from the complainant. The respondents, Dean & King, held a mortgage on the mantels, executed by Rumph and Benton. The complainant, The Elyton Land Co., tortiously, (both against the tenants and mortgagees), took possession of the mantels, sold them and applied the proceeds to the payment of the rent then mature. It did not undertake to pursue its legal remedy, by attachment, to enforce its said lien. Afterwards the mortgagees, Dean & King, by virtue of their legal title, recovered a judgment against the complainant, in a court of law, in an action of trespass, for the sum of $175, for taking said mantels. This bill is now filed by the complainant to enforce its said lien, and for relief against the said judgment at law. The respondents demurred, and moved to dismiss the bill for want of equity. The chancellor overruled both, and the respondents appealed.

It is an ancient maxim that he who seeks equity must come with clean hands. A complainant, who cannot state his case without showing that he has violated the law, offending the property rights of him whom he sues, will be denied relief in a court of equity. The principle is universal and recognized in many decisions of this court. It has been several times held that a landlord, having a lien upon property for his rent, who has torttiously taken the possession of the property from the tenant and converted it, cannot in the equitable action of trover brought against him by the tenant, set up his lien or equity, either in defense of the action or in mitigation of damages, notwithstanding the general principle that in that form of action equitable defenses may be made.—*East v. Pace,* 57 Ala. 521; *Folmer v. Copeland,*

[First National Bank of Tuscaloosa v. Kennedy.]

*Ib*. 588.    These authorities rest upon the principle that a person can not invoke equity when the facts upon which he bases his right, show that he has committed a tort.— *Harrison v. McCrary*, 37 Ala. 687; *Whitlock v. Heard*, 13 Ala. 776 ; *Sherman v. Boyce*, 15 John. 447.   The complainant, by its wrongful act, acquired the possession of the property, sold it and received and enjoyed the proceeds, in defiance of the legal rights of the respondents, and will not be permitted to reap these advantages and at the same time, enforce, in a court of equity, the lien it sets up.

There is no equity in the bill, and the motion to dismiss ought to have been sustained. We find in the transcript, a copy of a motion by the appellee to dismiss the appeal because the transcript was never served on or delivered to appellee or its counsel, as required by the rules. There is no evidence nor argument on the part of the appellee in support of the motion, and we will treat the same as waived.

Reversed and remanded.