# Bronson *v.* Russell.

## *Action of Detinue.*

1. *Conditional sale; when shown to exist.*—Where an agreement of purchase of personal property, after reciting that the property was purchased at a certain price, which was to be paid, part in cash and for the balance notes were given, then recites that if the purchaser failed to pay either of said notes when due, the seller may retake the property sold and all payments thereon shall be retained as rent, and that the title to said property is retained by the seller until full compliance with the terms of said agreement, such agreement constitutes a conditional sale, and the seller is not divested of title until there is a payment of the purchase price.

2. *Principal and agent; contract in name of principal.*—If a contract which is made with an agent discloses his principal and it appears on the face of the paper that the contract is really made on behalf of the principal, although it is signed by the agent as agent, such contract is one for the principal and not by the agent in his own behalf.


APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This was a statutory action of detinue, brought by the appellant against one C. H. Kreuger to recover certain

personal property specifically described in the complaint. The original defendant, Kreuger, filed a disclaimer of ownership of any interest in the property, and suggested that the property sued for belonged to one Anna Russell. Mrs. Russell was then on her own petition made a party defendant to the suit. The plaintiff claimed title to the property as transferee of the bill of sale to said property. This bill of sale was executed on Jan. 9th, 1902, by C. H. Kreuger to Frank H. Thrall, and was transferred by said Thrall to the plaintiff on Jan. 9th, 1902, said Thrall endorsing such assignment of the bill of sale.

On July 30th, 1901, the property involved in the suit was sold to Frank H. Thrall and Charles H. Kreuger, and at the time of the sale there was a written instrument executed by these parties. This instrument recited as follows: "This claim witnesseth: That we have this day received from L. Klein, Agt. for Mrs. Rosa Klein, the following personal property, to-wit: (There then followed a description of the property sued for in the present suit and a statement that they agreed to pay $395.00 for the same, in the following manner:) $120.00 cash, and $27.50 on the 1st, of September, 1901, and $27.50 on the 1st of each month thereafter, until paid, as evidenced by our ten promissory notes of even date herewith.

"If we fail to pay either of the said notes when due, or attempt to remove or dispose of said property, without the consent of said Leo Klien, Agt., for Mrs. Rosa Klein, the said L. Klien, Agt., may retake the same wherever found and all payments made thereon shall be retained as rent therefor, and the title to said property being retained by L. Klien, Agt., for Mrs. Rosa Klien, until a full compliance of the terms of this agreement."

This agreement was signed by Frank H. Thrall and Charles H. Kreuger and dated July 30th, 1901, and was endorsed as follows: "For value received, I hereby transfer the within mortgage and notes to Mrs. Anna Russell without recourse on me this February 4th, 1902. (Signed) Leo Klein, Agt." This agreement was filed for

[Bronson v. Russell.]

record in the office of the Judge of Probate on Feb. 3d, 1902.

There was also introduced in evidence several of the notes referred to in said agreement, which had been assigned to Anna Russell, and which had not been paid. The plaintiff objected to the introduction of evidence of the agreement of purchase and the notes, upon the ground that the mortgage was not recorded until after the purchase of the plaintiff, and that they were incompetent and irrelevant evidence. The court overruled the objection, and to this ruling the plaintiff duly excepted.

The cause was tried by the court without the intervention of the jury, and upon hearing all the evidence the court rendered judgment in favor of the defendant, to the rendition of which the plaintiff duly excepted. The plaintiff appeals and assigns as error the rulings of the trial court to which exceptions were reserved.

CHARLES P. JONES and W. F. THETFORD, JR., for appellant.—Cited *Jones v. Morris*, 61 Ala. 518; *Taylor v. A. M. Association*, 68 Ala. 229; *Hall v. Cockrell*, 28 Ala. 507.

No counsel for appellee.

DOWDELL, J.—The sole question presented by the record in this case for our consideration, is whether the written instrument offered in evidence by the defendant for the purpose of showing title in herself to the property in question, was a conditional contract of sale. That the title to the property was originally in Mrs. Rosa Klein was without dispute, and the same is true as to the agency of L. Klein. These facts taken in connection with what the contract disclosed on its face, were sufficient to show that L. Klein was acting for Mrs. Rosa Klein in the making of the contract, and of the endorsement on the same.—*Richmond Locomotive & Machine Works v. Moragne*, 119 Ala. 80. The agent had no title, the reservation, therefore, was to his principal in whom

the title resided. No title to the property ·was to pass
under the sale except upon the performance of the condi-
tions named in the contract. The sale was a conditional
one. The conditions of the sale were not performed,
and the title remained in Mrs. Klein until she conveyed
to the defendant. The transaction occurring in the
county of Montgomery, under the local statute, (Local
Acts, 1898-99, p. 1120), the record of the contract of
conditional sale was not necessary to its validity. The
title to the property never having passed from the vendor
to the vendee under the conditional sale, and the defend-
ant succeeding to the title had the superior claim and
right to the property.—*Sumner v. Woods,* 67 Ala. 139.

We find no error in the record, and the judgment will
be affirmed.

Affirmed.

McCLELLAN, C. J., HARALSON and DENSON, J.J., con-
curring.