# Gandy *v*. Tippett.

## *Arbitration and Award.*

(Decided April 23, 1908.  46 South. 463.)

1. *Arbitration and Award; Judgment; Irregularity.*—All intendments being indulged in favor of the award, it cannot be set aside for irregularity, but is final unless set aside for some of the reasons declared in section 521, Code 1896; nor is it required to be drawn with the precision of a judgment of the court

2. *Same; Judgment.*—Under section 509-513, Code 1896, the award becomes a judgment of the court and nothing is required to constitute it a judgment save the clerical act of filing the submission and entering the award.

3. *Same; Hearing; Swearing Witnesses.*—Where all the parties interested were present at the arbitration, and no objection was made or exception was taken to the manner in which the witnesses were examined, the fact that the witnesses were not sworn, when testifying, is not fatal to the award.

4. *Mortgages; Redemption; Right of Widow.*—The widow has no right to redeem land from foreclosure of a mortgage executed by the husband in his lifetime; and if she had the statutory right to redeem, it would not be assignable.

5. *Arbitration and Award; Enforcement of Award; Power of Court; Effect.*—An award is not invalidated because the court to which it is returned had no means of enforcing that part of the award that provided for the consummation of the purchase of certain lands.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

[Gandy v. Tippett.]

Arbitration between J. J. Gandy and T. J. Tippett. From a judgment on an award, Gandy appeals. Affirmed.

FRANK W. LULL, for appellant. The judgment is void and cannot be enforced in a court of law.—69 Ala. 232; 57 Ala. 209; 16 Ala. 828; 3 Port. 440; Minor 5.

S. J. DARBY, for appellee. The judgment is in accordance with section 522 of the Code, and would support an action of ejectment in favor of the appellant.—*Moore v. Helms,* 74 Ala. 368; *Bogan v. Daughdrill,* 51 Ala. 312. All intendments are resolved in favor of the award.— *Reynolds v. Reynolds,* 15 Ala. 398. The swearing of the witnesses was waived.—*Tuscaloosa Bridge Co. v. Jennings,* 33 Ala. 476; *Gardner v. Newman,* 135 Ala. 522.

SIMPSON, J.—This is an appeal from a judgment entered in the circuit court on a statutory award of arbitrators. The bill of exceptions sets out the evidence before the arbitrators, but does not show that any exceptions were reserved to any ruling or action of the arbitrators. The appellant insists that the judgment is void, and cites certain decisions on the subject of the requisites of a valid judgment, which are not applicable because this is a statutory proceeding and the awards of arbitrators are not required to be drawn up with the precision of judgments of a court. All intendments are indulged in favor of the award. It cannot be attacked on the ground of irregularities, and the statute provides that it shall be final unless set aside for fraud, partiality, or corruption.—Code 1896, § 521; *Reynolds v. Reynolds,* 15 Ala. 398; *Bogan v. Daughdrill,* 51 Ala. 312. The statute does not require any judgment to be rendered by the court, but provides that the submission and award shall be entered up as the judgment of the court.—Code

1896, §§ 509, 513. Consequently nothing is required save the clerical act of filing said submission and award and entering the same up as the judgment of the court.

The fact that Tippett and Gandy were not sworn when they testified before the arbitrators is not reversible error, as the parties were present, and no objection was made, nor any exception reserved, but, on the contrary, "the parties to the controversy made statements in regard to the matter submitted." What those statemens were the bill of exceptions does not inform us, except inferentially, from the fact that certain statements are afterwards set out as having been made by each of said parties. But, taking it for granted that these statements were all that was said by each party, they show simply that Gandy came to T. J. Tippett "with a written demand for the redemption of the Dunn lands in one hand and the money in the other." The written demand is not set out in the bill of exceptions, but the language of the witness shows that Gandy claimed the right to redeem for himself (presumably basing his right on the attempted conveyance by Mary Marshall of her right to redeem). The record shows only that the mortgage under which the lands were sold was made by C. D. Dunn, the deceased husband of said Mary Marshall. The statute does not confer on the widow the statutory right to redeem.—Code 1896, §§ 3505, 3519; *Walden v. Speigner*, 87 Ala. 379, 6 South. 80. Even if she had the statutory right, it is not assignable.—*Wallace, et al. v. Markstein*, 147 Ala. 262, 265, 40 South. 201.

Said Tippett refused to let Gandy redeem, because he was advised that he had no right to redeem, and the matters submitted to the arbitrators to decide were, first, as to whether Gandy did have the right to redeem; second, what he should pay if he was so entitled; and, third, if he was not so entitled, what he should pay for certain

other lands, which, it seems, he was to purchase from Tippett. The arbitrators, in their award, followed the submission, finding that Gandy was not entitled to redeem, and fixing the price that he should pay for the other land. No exceptions were reserved, and it has not been shown that the award (which became a judgment by being filed and entered up) is void. Consequently it must stand as the judgment of the court.

The fact that the circuit court has no means of enforcing the consummation of the purchase of the additional lands does not invalidate the award.—*Bogan v. Daughdrill,* 51 Ala. 312, 316.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.