# Tippett *v.* Gandy.

*Money Had and Received.*

(Decided June 30, 1909.   50 South. 331.)

1. *Appeal and Error; Assignment; Abandonment.*—Where no insistence is made in brief or arguments upon the assignments of error in the record, such assignments will be held to be abandoned and will not be treated.

2. *Pleading; Pleas; Sufficiency.*—To a complaint on the common counts, claiming by account, for money loaned and by account stated, a plea that the plaintiff voluntarily paid, with full knowledge of all the facts, to the defendant, the money claimed, and that it was paid without any fraud on the part of the defendant, and without any mistake upon the part of the plaintiff of the facts under which it was paid, is insufficient and also inapt as to some of the counts.

3. *Same.*—A plea which attempts to plead an award as a set off and does not sufficiently describe the award, nor show that it was binding on the plaintiff, nor aver performance thereof by defendant, nor a willingness nor a readiness on defendant's part to perform, is subject to demurrer as such.

4. *Same; Judgment; Sufficiency.*—A plea which seeks to set off a judgment against plaintiff's demand, but which fails to describe the judgment so that the court or plaintiff could know whether it was valid and binding on the plaintiff, which merely avers the amount of the judgment, and the court rendering it, but does not give the names of the parties, or the terms of the judgment, or a sufficient allegation of ownership in the judgment, is bad.  To render such a plea good,

[Tippett v. Gandy.]

it should allege facts showing a good cause of action in favor of the defendant as against plaintiff, if their relations as parties were reversed.

5. *Same; Uncertainty.*—Where a plea is not certain as to whether it attempts to plead a set off of an award or a judgment, and is insufficient in its attempt to plead either, it is bad and subject to demurrer.

6. *Appeal and Error; Harmless Error; Party Entitled to Affirmative Charge.*—Where, under the evidence, the successful party is entitled to the affirmative charge for the amount of the verdict and judgment, other errors intervening are harmless to the party complaining on appeal.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. Brewer.

Action by J. J. Gandy against T. J. Tippett, for money had and received. Judgment for plaintiff and defendant appeals. Affirmed.

The complaint contained the common count, on an account stated, on open account, for money loaned and for money had and received. The 2nd plea is as follows: Defendant says that the money therein claimed was by the plaintiff voluntarily paid to the defendant, the plaintiff having at the time of such payment a full knowledge of all the facts under which the same was so voluntarily paid, and that it was so paid without any fraud on the part of the defendant, and without any mistake on the part of the plaintiff of the facts under which it was paid. The other pleas or their substance sufficiently appear in the opinion, as do the facts in the case.

S. J. DARBY, and LACKEY & BRIDGES, for appellant. The court erred in sustaining demurrer to plea 2.— *Town of Cahaba v. Burnett,* 34 Ala. 400; *Beene v. Callenberger,* 38 Ala. 647. It is sufficient if the facts are so presented that a material issue can be formed.— *Stanton v. L. & N. R. R. Co.,* 91 Ala. 384; Sec. 5321, Code 1907. The court erred in sustaining demurrer

to defendant's 3rd plea.—Sec. 1202, Code 1907; *Lawton v. Ricketts*, 104 Ala. 430. The court erred in sustaining demurrers to appellant's 6th and 7th pleas.— *Kaufman v. Richardson*, 37 South. 673; *McDonald v. Montgomery St. Ry. Co.*, 111 Ala. 162. The filing of the papers was sufficient to constitute the award a judgment of the circuit court under section 2922, Code 1907. In reference to this case, see a former appeal of *Gandy v. Tippett*, 46 South. 463. A judgment may be pleaded as a set off.—*Skipper v. Stokes*, 42 Ala. 255; *Mahan v. Crabtree*, 30 Ala. 420. The defendant may show any state of facts rendering it inequitable for plaintiff to recover.—*Meredith v. Richardson*, 10 Ala. 828.

FRANK W. LULL, and J. M. HOLLY, for appellee. Where money is paid by one party in contemplation of some act to be done by the other and the thing stipulated is not done, the money may be recovered.—*Harper v. Claxton*, 62 Ala. 446; 22 A. & E. Ency. of Law, 631. It, therefore, follows that plea 2 was not good. Plea 3 was subject to the demurrers interposed.— *Scott & Sons v. Rawls & Rawls*, 48 South. 710; *Light v. Henderson*, 48 South. 589. Plea 4 was not good, either as to ownership (18 Ala. 214) (57 Ala. 457), or as to constituting cause of action.—Authorities next above, and 19 A. & E. Ency. P. & P. 754; b. note 2, and 775 b. note 2. On the same authorities, plea 6 was not good.— *Gandy v. Tippett*, 46 South. 463. An equitable demand cannot be subject of set off at law.—17 Ala. 455.

MAYFIELD, J.—The case made by the record is properly stated by counsel as follows:

"This case is the sequel of *Gandy v. Tippett*, reported in 155 Ala. 296, 46 South. 463. Gandy had attempted to purchase the statutory right of redemption of the

widow of a mortgagor, and, having received a deed from such widow, tendered the amount of money required to redeem to T. J. Tippett, purchaser at foreclosure sale. Tippett received the money and signed a deed, but afterwards denied Gandy's right to redeem. Gandy and Tippett agreed to submit the matter of the right to redeem to arbitration, and also to submit to the same arbitrators the question of the value of the land sought to be redeemed, and also the value of certain other real estate owned by Tippett, and which Gandy wished to purchase in case the mortgaged land was redeemed or purchased by Gandy. The arbitrators decided that Gandy had no right to redeem, and proceeded to fix a value upon the lands which Gandy wished to purchase. In the award of the arbitrators it is decided that Gandy 'may purchase' the lands set forth at a price named by such arbitrators within a limited time. This court upheld the arbitration, so far as the right to redeem was concerned, holding that the widow of a deceased mortgagor has no statutory right to redeem.— *Gandy v. Tippett,* 155 Ala. 296, 46 South. 463. That was the only question before this court. Tippett held the money paid to him by Gandy when Gandy sought to redeem, and this suit is brought by Gandy to recover this money. The action is upon the common counts for money had and received, money loaned by plaintiff to defendant, etc. The defense filed 11 pleas. The first plea was the general issue, and 10 special pleas were filed. The court sustained demurrers to all the special pleas, and the trial was had upon the general issue. The general charge was given to the jury at plaintiff's request in writing, and verdict was rendered for plaintiff for amount sued for.

"Appellant assigns as error the sustaining of plaintiff's demurrers to defendant's special pleas; error be-

[Tippett v. Gandy.]

ing assigned as to each ruling of the court on demurrers. However, in appellant's brief no insistence is made as to any ruling of the court on pleas 4, 8. 9, 10, and 11. Appellant limits his insistence to the rulings of the court on demurrers to pleas 2, 3, 5, 6, and 7, and under the rules of this court he must be held to have abandoned his assignments of error, where same are not insisted upon in his brief. We will only notice such assignments of error as are insisted on by appellant."

Plea 2 was evidently bad, in that it attempted to answer the complaint, when it was not only insufficient, but also inapt as a plea to some of the counts.

Plea 3 was bad, in that it attempted to plead an award as a set-off and did not sufficiently describe the award, nor did it show that the award was binding on the plaintiff, nor did it aver a performance thereof by the defendant, nor a willingness or readiness on the part of defendant. Construing the plea most strongly against the pleader, it sought to bind one party by the award, but not the other.

Plea 4 was bad, in that it sought to set off a judgment against plaintiff's demand and did not set out the judgment, or sufficiently describe it so that the court or plaintiff could know or say whether it was a valid judgment, binding on this plaintiff, nor does it sufficiently aver ownership in the defendant. No attempt is made therein to aver the parties thereto. Only the amount of the judgment and court in which it was rendered is averred. To render such a plea good as a set-off, it must allege facts and contain allegations which would show a good cause of action in favor of defendant against the plaintiff, if their relations as parties were reversed. This the plea clearly does not do.

Plea 5 is bad for the reason assigned as to plea 4.

[Tippett v. Gandy.]

Plea 6 is bad for some of the reasons assigned to plea 3. It does not aver performance of the award by the defendant, nor a willingness nor readiness on the part of defendant. Construed most strongly aganst defendant, it seeks to bind plaintiff by the award, but to relieve or excuse defendant from performance. It also shows an award that a common-law court could not enforce against the defendant; that is, one compelling a conveyance of land by him. See former report of this case, in 155 Ala. 296, 46 South. 464.

Plea 7 is bad, in that it is not certain whether it attempts to plead as a set-off an award or a judgment. If it attempted to set up the award as a set-off, it is insufficient for the reasons heretofore assigned as to similar pleas. If it was an attempt to set up a judgment as a set-off, it is insufficient, in that the facts do not show a valid judgment which would support a set-off in this acton; nor are the averments as to both the award and the set-off sufficient to constitute a good plea of set-off.

The other pleas were each bad for the same reasons assigned to one or more of the foregoing pleas treated. They are conceded to be similar to those treated. Demurrers upon the grounds treated were sustained to each of the special pleas, as to which there was no error.

Under all the evidence in this case, and even under that of the defendant alone, the plaintiff was certainly entitled to the general affirmative charge as for the amount of the verdict. Therefore no injury was done the defendant, the appellant here.

The judgment is affirmed.

SIMPSON, MCCLELLAN, and SAYRE, JJ., concur.