# Banks, *et al. v.* Windham.

## *Trover and Conversion.*

(Decided May 1, 1913.  62 South. 297.)

1. *Trover and Conversion; What Constitutes.*—Although the defendant had a landlord's lien upon the property which the plaintiff conditionally sold to a subsequent lessee, who had agreed to pay plaintiff's debt to defendant, defendant would not have the right to take possession of and sell the property over plaintiff's objection, without the aid of legal process, and their act in so doing was an act of conversion, and the right to a landlord's lien cannot be shown in mitigation of damages.

2. *Same; Persons Liable.*—Where, in attempting to enforce a landlord's lien, some of the defendants converted plaintiff's property, and all of the defendants shared in the proceeds in applying it to the claim for rent, all are guilty of a conversion.

[Banks, et al. v. Windham.]

3. *Landlord and Tenant; Lien; Enforcement.*—Under sections 4747, 4748, Code 1907, a landlord cannot take possession of the property on which he has a lien, without legal process.

4. *Appeal and Error; Review; Harmless Error.*—Where plaintiff was entitled to the general affirmative charge, other rulings complained of, even if error would not be prejudicial to the defendant.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Trespass and trover by Sallie E. Windham against John T. Banks and others. Judgment for plaintiff and defendant appeals. Affirmed.

BANKHEAD & BANKHEAD, and A. F. FITE, for appellant. Where time of conversion is alleged in an action of trover it must be proven as alleged.—*Williams v. McKissack,* 27 South. 922. A mere right to charge property with a lien will not support an action of trover.— *Corbett v. Reynolds,* 68 Ala. 378; 5 Mayf. 928. Appellants were, therefore, entitled to the affirmative charge. Plaintiff was not entitled to recover under the second count or third count, because there was no evidence offered in support thereof, and could not recover under the fourth count because it was withdrawn.—*Terry v. Williams,* 148 Ala. 471; *Grisham v. Bodman,* 111 Ala. 192. Counsel discuss the errors assigned as to the evidence, but without citation of authority.

M. D. McCOLLOM, R. A. COONER, and STEINER, CRUM & WEIL, for appellee. A witness, though not an expert, may give his opinion as to the market value of the property.—*Chandler v. Higgins,* 156 Ala. 511; *Ala. Co. v. Turner,* 145 Ala. 639. The date of the conversion was laid under a videlicit, and did not have to be strictly proven. In actions of this character a recovery may be had as to all or any of the defendants.—*Hackney v. Perry,* 152 Ala. 636. It appeared that all of defend-

ants participated in the proceeds of the conversion and, therefore, all are liable. The evidence showed an immediate right of possession in plaintiff, and she was therefore entitled to maintain the action.—*Snow v. Young*, 109 Ala. 528; *Davis v. Young*, 20 Ala. 151. The evidence authorized a recovery for money had and received.—*Ward v. Hood*, 124 Ala. 570. Plaintiff was entitled to the affirmative charge, and any errors were without injury.—*Bolling v. Railroad Company*, 128 Ala. 550; *Tippett v. Gandy*, 162 Ala. 374.

PELHAM, J.—The complaint filed in the circuit court by the appellee originally contained four counts, but the third count was withdrawn, and the trial was had on count 1, which is in trespass for taking the personal property described therein, on count 2, which is for conversion of the same property, and on count 4, "for money on, to-wit, the 28th day of March, 1910, secured by defendants to the use of plaintiff." To each of these counts the defendants separately filed a plea of "not guilty." The record shows that the trial was had to conclusion by all the parties without objection on the general issue, and that but one cause of action was sought to be maintained and the right to a recovery contested on substantially but one theory of defense, and only the one question litigated. The evidence showed that the plaintiff had been operating a hotel as the tenant of the defendants, who owned the property, and that the tenancy had been determined, and that the plaintiff had vacated the property and sold the furniture, etc., owned by her and which was used in connection with running the hotel to one Barnard, who succeeded the plaintiff in the possession of the premises, as the tenant of the defendants. At the time the plaintiff vacated the hotel and Barnard took possession, the

plaintiff owed the defendants $300 rent, and, in the
trade between plaintiff and Barnard, Barnard bought
the furniture from the plaintiff under a contract of
conditional sale by which the title to the furniture was
reserved in the plaintiff; Barnard giving his notes pay-
able to defendants for this $300 balance due for rent.
It is the contention of the plaintiff that the $300 due
from her to defendants for rent was assumed by Bar-
nard and the amount deducted by her from the pur-
chase price of the furniture sold by her to Barnard,
and that the defendants accepted Barnard's notes for
the amount and released and discharged all claims
against her and any lien held by them on the furniture
sold by her to Barnard on account of the said balance
due for rent.  There was evidence introduced on the
trial by the plaintiff to support this contention on her
part.  There was also evidence to support the conten-
tion of the defendants to the effect that the notes were
given by Barnard to the defendants with the under-
standing between all of the parties that the lien held by
the defendants as landlords on the furniture for the
$300 unpaid rent due from the plaintiff was not to be
disturbed or released, but that the furniture "was to
stand for" the said rent claim of $300; the defendants
only accepting the notes of Barnard under such a condi-
tion and understanding with all of the parties.  Bar-
nard having failed to pay the rent due by him as a
tenant of the defendants in the hotel property, and also
having failed to pay the said $300 for which he had
given his notes, the defendants took possession of the
furniture (with the consent of Barnard) and sold it,
against the objection and protest of the plaintiff, who
claimed that she had the legal right and title to it, and
right to possession under the conditional sale made with
Barnard reserving title in herself; Barnard having

[Banks, et al. v. Windham.]

made default in payment of the installments provided for in the conditional sale to him.

It does not appear that the defendants took possession and sold the furniture under any legal process, but that it was sold for them, and at their instance and request, at public outcry by an auctioneer in the due course of his business; the proceeds from the sale being applied by the defendants to the extinguishment, so far as it would go, of the claim for rent due to them as landlords, part, if not all, of it being applied as a credit on the notes for $300 given by Barnard under the circumstances above referred to.    After the defendants had taken possession of the furniture and sold it, the plaintiff brought this suit against them and recovered the judgment from which this appeal is prosecuted.

It seems to us that under the undisputed evidence the plaintiff was entitled to the general charge against the defendants for a conversion of the property (furniture, etc.), for even though it be conceded, as claimed by defendants, that at the time plaintiff sold to Barnard and retained the title in herself she agreed that the furniture should still remain liable to the landlord's claim and lien for rent due by her, and that the landlords did not release her from the payment of this debt when they accepted the notes from Barnard, still the defendants, although they might have a valid debt against the plaintiff and a lien on the furniture for unpaid rent, would not have the right against plaintiff's objection and without her consent to take possession of the property without the aid of legal process, sell it, and · apply the proceeds on the rent debt.    Such unauthorized acts would be a conversion of the property, notwithstanding the defendants might have had a landlord's lien and the right to enforce it by due process of law under the provisions of the statutes in such cases

made and provided. It could not even be pleaded in mitigation of such a wrongful taking that the property brought its fair market value and that the proceeds of sale were applied to the payment of the debt.—*Hundley, et al. v. Chadick,* 109 Ala. 575, 19 South. 845.

The evidence was without conflict that, when the plaintiff made a conditional sale of the furniture to Barnard, she retained the title and the right to possession upon default in the payments, and that Barnard had made default in the payments entitling the plaintiff to the immediate possession, as she was not divested of the title until the purchase price had been paid (*Bronson v. Russell,* 142 Ala. 360, 37 South. 672), and even if the defendants had not released the plaintiff from the debt, but had a valid claim against her for the rent and a lien on the property, they could not rightfully seize and sell the property on their own motion or by the consent of Barnard without due process of law, but, to enforce their rights, must have proceeded under the statute to enforce their landlord's lien.—Code, §§ 4747, 4748.

The plaintiff being entitled to the general charge on the undisputed evidence on the only question litigated, other rulings complained of, even if error, would be without injury.—*Bowling, et al. v. M. & M. Ry. Co.,* 128 Ala. 550, 29 South. 584; *Tippett v. Gandy,* 162 Ala. 374, 50 South. 331; *So. Ry. Co. v. Cortner, et al.,* 3 Ala. App. 400, 38 South. 84.

The appellants' contention that all of the defendants were not shown to have been participants in the wrong complained of or connected with it so as to make them liable is not well taken. The evidence sufficiently connects each and all of them with the transaction complained of, and shows, besides, without conflict and by the evidence of one of the defendants, that the defend-

ants received and applied the proceeds from the sale of the furniture on their claim for rent.

For the reasons given, the judgment appealed from must be affirmed.

Affirmed.