**M. E. DONALDSON MERCANTILE CO. v. FIRST NAT. BANK OF BRANTLEY.**

(4 Div. 174.)

(Supreme Court of Alabama.    April 16, 1925.
Rehearing Denied May 28, 1925.)

**1. Trover and conversion ⬦⇒22—Equitable defense not available.**

Tort-feasor cannot rely on equitable defense.

**2. Landlord and tenant ⬦⇒255—Landlord's assignee, obtaining cotton crop tortiously, held precluded, in mortgagee's action for conversion of crop, from interposing equitable title of landlord under his lien.**

In mortgagee's action of trover for conversion of cotton crop grown on leased premises, defendant assignee of the landlord, who acquired the cotton crop tortiously, and not pursuant to Code 1923, § 8804, relative to enforcement of landlord's lien, *held* not entitled to interpose the equitable title of the landlord based on his lien.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Action in trover by the First National Bank of Brantley against the M. E. Donaldson Mercantile Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Charge 1, given for plaintiff, is as follows:

"(1) The court charges the jury that, if they believe the evidence, they will find for the plaintiff for the value of the seed cotton received by defendants, and also for the value of the other cotton raised on the rented premises received by the defendants, less the sum of $472 paid as rent, and less the one-half interest of Thurston Butler in the three bales of cotton weighing respectively 546, 540, and 544 pounds."

W. W. Sanders, of Elba, for appellant.

A landlord's lien for rent and advances is paramount to all others.  Code 1923, §§ 8799, 8802.  The landlord did not waive his lien by taking the mortgage.  Denham v. Harris, 13 Ala. 465; Coleman v. Siler, 74 Ala. 435; Stephens v. Adams, 93 Ala. 117, 9 So. 529; 24 Cyc. 1273; Winston v. Farrow (Ala. Sup.) 40 So. 53; Nix v. Hopper, 18 Ala. App. 240, 90 So. 35.  The power of seizure and sale conferred by the mortgage passed by assignment to appellant.  White v. Kenney, 211 Ala. 624, 101 So. 426.

Powell, Albritton & Albritton, of Andalusia, for appellee.

Plaintiff was entitled to the affirmative charge as given. Code 1923, §§ 8799, 8803, 8804; Leslie v. Hinson, 83 Ala. 266, 3 So. 443; Whaley v. Bright, 189 Ala. 137, 66 So. 644; Banks v. Windham, 7 Ala. App. 616, 62 So. 297; Howton v. Mathias, 197 Ala. 457, 73 So. 96; Belser v. Youngblood, 103 Ala. 545, 15 So. 863; Keith v. Hamn, 89 Ala. 590, 7 So. 234; Griffith & Warren v. Biggers, 206 Ala. 563, 90 So. 795; Id., 206 Ala. 565, 90 So. 798.

ANDERSON, C. J. [1, 2] This was an action of trover for the conversion of certain cotton grown by one Butler on the land of one Childre.  The plaintiff introduced a mortgage on the crop given it by Butler. The defendant introduced a mortgage given it by said Butler and indorsed by the landlord, Childre; also a mortgage given by Butler to the landlord, Childre, and assigned by Childre to it.  These last two mortgages were subsequent to the date and recordation of the plaintiff's mortgage; therefore the plaintiff established a superior title to the cotton.  The defendant insists, however, that Childre had a landlord's lien on the cotton superior to the mortgage of the plaintiff and which was either assigned to it, or if not, that the cotton was taken under the direction and instruction of the landlord, Childre.  It may be questionable if the advances were so made to the tenant as to make Childre responsible and thus create in his behalf a lien; but this fact we may concede, if Childre or the defendant, as assignee, had such a lien, the statute (section 8804 of the Code of 1923) gives the remedy for the enforcement of said lien and they had no right because of such a lien to convert the cotton and then resort to said lien either in justification or mitigation of the damages in this action.  True, trover is an equitable action, but a tort-feasor cannot rely upon an equitable defense.  The defendant, having acquired the cotton tortiously, could not reply upon the equitable title of the landlord.  Dean & King v. Elyton Land Co., 113 Ala. 276, 21 So. 213; Folmar v. Copeland, 57 Ala. 588; East v. Pace, 57 Ala. 521; Banks v. Windham, 7 Ala. App. 616, 62 So. 297.  This is unlike a case where there has been a voluntary surrender of the property to the equitable holder of the lien.  Abraham v. Carter, 53 Ala. 8.  Here there was no proof of a voluntary surrender of the cotton to the lienholder, but the proof shows that it, or some of it, had been surrendered to the plaintiff by Butler.

The trial court did not err in giving the plaintiff's requested charge 1 and the judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.