(127 So. 240)

## LA RUE v. LOVEMAN, JOSEPH & LOEB.

### 6 Div. 309.

Court of Appeals of Alabama.

Jan. 15, 1929.

Rehearing Denied Feb. 5, 1929. Reversed on Mandate June 18, 1929. Reversal Set Aside and Affirmed Oct. 29, 1929. Rehearing Denied Nov. 19, 1929.

Theodore J. Lamar, of Birmingham, for appellant.

W. H. McGowen, of Birmingham, for appellee.

BRICKEN, P. J.

The order entered by this court on, to wit, June 18, 1929, by which the cause was "reversed and remanded upon authority of La Rue v. Loveman, Joseph & Loeb, 220 Ala. 2, 127 So. 241," was inadvertent and not in line with the mandate of the Supreme Court wherein the cause was here "remanded for further proceedings, including a consideration of the effect of the record of the contract and its sufficiency as notice to appellant," a matter not specifically treated in the original opinion rendered by this court on January 15, 1929. The said order of June 18, 1929, supra, is therefore reconsidered, withdrawn, and held for naught. The original opinion rendered by this court in this case is likewise withdrawn, and this opinion is substituted therefor.

318

This cause has to do with an action of detinue commenced by appellee, Loveman, Joseph & Loeb, a corporation, against the defendant, J. A. La Rue, in which appellee sued appellant to recover the possession of one rug, and one three-piece living room suit of furniture. On August 4, 1924, appellee entered into a written conditional sale contract with one Mrs. C. K. Andrews, whereby appellee conditionally sold and delivered certain articles of personal property, including that mentioned above, for a named purchase price, to Mrs. Andrews, the title to the property to remain in appellee until the full purchase price paid, and further conditioned that, should buyer fail to make any of the installment payments agreed upon in said contract, appellee would have the right to immediately repossess said property. This contract was duly recorded in the office of the judge of probate of Jefferson county on August 13, 1924. Subsequently thereto Mrs. Andrews, with the consent and permission of appellee, transferred and assigned her interest in the property to G. S. Silliman.

Silliman assumed the payment of the then remaining balance on the purchase price owing to appellee; his assumption being in the form of a written notation on the foot of the written contract in words and figures as follows: "I hereby assume the balance of $464.00 as covered by the terms of contract payable at $25.00 per month. Signed: G. S. Silliman." No record of this transfer by Mrs. Andrews to Silliman was ever made in the office of the probate judge of Jefferson county, nor the assumption of the payment as above noted by Silliman. Subsequently to this transfer by Mrs. Andrews of her interest to Silliman, and Silliman's assumption of the payment of the balance of the purchase price, Silliman entered into a written lease with appellant for the rental by appellant, as landlord to Silliman, as tenant, of a certain dwelling apartment in the city of Birmingham.

Silliman removed the property involved in this suit into the rented premises, and there it remained in his possession until Silliman, falling in arrears with his rent, left the premises, and then the appellant, landlord, took the property into his possession, whence it remained until this suit was brought. Silliman had not kept up the payments on the purchase price which he had assumed, and appellee claimed the right to possession of the property under the condition in the written contract authorizing it to retake possession if the installment payments were not made as agreed upon.

It is admitted that appellant had no actual knowledge of the transfer by Mrs. Andrews to Silliman, and appellant contends that, under his lien as landlord, he has a possessory right to the property superior to that of appellee.

It is the opinion of this court that appellant cannot prevail in his contention, for two reasons: The first is, that the recorded written contract between appellee and Mrs. Andrews operated as a sufficient notice as a matter of law of the retained title of appellee to the property. "The recording of the contract of conditional sale is sufficient as constructive notice to all the world." 45 Cyc. 694, 695.

In the case of Chadwick v. Russell, 117 Ala. 290, 23 So. 524, the Supreme Court held that the recording of a mortgage on personal property was not only notice to purchasers from the mortgagor, but was notice to all the world, including subpurchasers of the mortgagor.

The notation on the foot of the contract by which Silliman assumed payment of the balance of the purchase price to appellee did not have the effect of eliminating Mrs. Andrews of her obligation to pay the purchase price and substituting Silliman in her stead, and thus accomplishing a novation.

A second reason why appellant cannot prevail in this cause is that the appellant had no right of property in or to, or to the possession of, the personal property in question. Distress for rent, as that remedy existed in England, is not of force in this state, and the landlord has no right to take possession of the effects of the tenant without the consent of the tenant. The only mode by which the landlord may acquire any right of property or possession in or to his tenant's effects for rent is through attachment proceedings under the statutes. Appellant has not attempted to invoke any right to the possession of the property. Folmar & Sons v. Copeland & Brantley, 57 Ala. 588; Banks v. Windham, 7 Ala. App. 616, 62 So. 297.

The judgment of the lower court is affirmed.

Affirmed.