4 So.2d 199

**TOWNSEND v. BUSSEY.**

8 Div. 139.

Court of Appeals of Alabama.

Oct 7, 1941.

J. G. Rankin and Thos. S. Woodroof, both of Athens, for appellant.

W. W. Malone and W. W. Malone, Jr., both of Athens, for appellee.

BRICKEN, Presiding Judge.

Appellant here, sued appellee for damages for the alleged conversion of one bale of cotton weighing 500 pounds. The suit was brought in the Municipal Court of Limestone County, Alabama, and the defendant not appearing to answer the complaint, a judgment by default was pronounced against him for $38.75 and costs of suit. From said judgment an appeal was taken to the circuit court, where the trial was had before the court without a jury. The defendant plead the general issue, with leave to give in evidence any matter which if specially pleaded would be an answer to said suit. In the circuit court

a final judgment was rendered against the plaintiff, discharging the defendant, and taxing all costs against the plaintiff. From said judgment this appeal was taken, and appellant assigned the following errors: (1) that the trial court, erred in rendering a judgment for the defendant, and (2) in rendering a judgment against the plaintiff.

It appears from the record, that Townsend, appellant, and Bussey, the appellee, entered into a contract or agreement, by the terms of which the relationship of landlord and tenant existed between them for the year 1938. Under the agreement Bussey was the landlord, and Townsend the tenant. According to the testimony of Townsend, he worked on Bussey's land during the year 1938, he testified as follows:

"The arrangement that I had with Mr. Paul Bussey about making a crop with him was that I was to furnish all of the labor to make and gather the crop and he was to furnish the land, the team to work the crop with and the tools and the seed, and he was to furnish me a house to live in. We were each to pay half of the fertilizer bill. We were to divide the crop on a fifty-fifty basis; that is, he was to get half of the crop and I was to get half of the crop."

Under the foregoing statement Townsend was the tenant of Bussey for the year 1938. Code of Alabama 1923, § 8807, Code 1940, Tit. 31, § 23; Heaton v. Slaten et al., 25 Ala.App. 81, 141 So. 267.

According to the testimony of Bussey, he rented Townsend land in the year 1938, and Townsend made a share crop with him for said year. Under the testimony, therefore, the relationship of landlord and tenant existed between these parties for the year 1938. Under this relationship the tenant was entitled to the possession of the crops subject to Bussey's lien for rent and advances, and if Bussey wrongfully converted the crops to his own use, or to the use of another, he was liable to the tenant for such damages as he, Townsend, may have sustained from the unlawful act. Heaton v. Slaten et al., supra; Stewart v. Young, 212 Ala. 426, 103 So. 44.

Townsend, as tenant, raised 5 bales of cotton on Bussey's land. All of this cotton was sold by Bussey. With the first 4 bales of cotton grown by the tenant this case does not deal, but the fifth and last bale grown by the tenant is the subject matter of this suit. As to this bale of cotton the testimony shows, without dispute, that it was ginned by the tenant at Jones' gin in Limestone County in the Fall of 1938 and carried the gin number 1373, and weighed 500 pounds. This bale of cotton was left by the tenant at the gin, it having been ginned in the name of the tenant. As to this bale of cotton Bussey, the defendant, testified: "After John (meaning the plaintiff) ginned his last bale of cotton he would not come around for some time. I think he was still in the community, but I never did get to see him. I sold the bale of cotton involved in this suit and gave John credit on his account for what he owed me, and after allowing this credit and all the other credits that I allowed him for the rest of his cotton he still owed me the sum of $2.00." Mr. Bussey also testified: "John asked me about making settlement for the bale of cotton involved in this suit, and I told him that I would make settlement with him for this bale of cotton and his account as soon as he brought back some garden wire that he used at the house where he lived, and a stove that I let him have."

Townsend, the plaintiff, testified that he did not authorize Bussey, or give him permission to sell any of the cotton, but that Mr. Bussey had settled with him for one of the bales of cotton, and that he did not make any complaint to Mr. Bussey about selling this cotton.

It is clear, from the testimony, that the defendant sold the bale of cotton involved in this suit without the authority, direction or permission of the plaintiff. In fact he did not see, or talk with, the plaintiff until some time after the cotton was sold, and then only because the plaintiff asked for a settlement for this cotton. The defendant had no legal right to take possession of said bale of cotton and sell it without direct authority from the plaintiff to do so. If the rent and advances were due and unpaid, either or both of them, then the defendant should have enforced his landlord's lien by the legal process of attachment as provided by Section 8804, Code of Alabama, 1923, Code 1940, Tit. 31, § 20.

The defendant had no right because of his lien as landlord to convert the cotton and then resort to said lien either in justification or mitigation of the damages in this action. M. E. Donaldson Mercantile Co. v. First Nat. Bank of Brantley, 213 Ala. 213, 104 So. 394; Banks v. Windham, 7 Ala.App. 616, 62 So. 297.

It is the opinion and judgment of this court that the trial court erred in, first, rendering a judgment for the defendant, and, second, in rendering a judgment against the plaintiff.

This court does not deem it proper to here render a judgment in favor of the plaintiff and against the defendant upon this appeal as we are requested to do. There is no evidence in the record showing plaintiff's legal measure of damages. It is true that the cotton was sold for 7¾¢ per pound and that the testimony shows that said sum was the market value of the cotton, per pound, on November 16, 1938, the date of its conversion, but the testimony is silent as to its value at any time after the date of conversion to the date of the trial. And in addition to this the defendant may have legal or equitable rights which he may desire to assert against the proceeds of the sale of the cotton of which he ought not in fairness be deprived.

The judgment of the lower court is hereby reversed and the cause remanded for another trial in accordance with this opinion.

Reversed and remanded.