MOORE, Judge,
dissenting.
I respectfully dissent from the majority’s reversal of the trial court’s judgment in this case.
The scant record in this case reveals the following: On August 28, 2006, Credigy Receivable, Inc. (“Credigy”), filed a complaint against Stanley B. Day, Jr. (“Day”), seeking to recover money due to nonpayment of a credit-card debt allegedly owed to MBNA, N.A. (“MBNA”), which had been assigned to Credigy. On December 5, 2006, Day answered, denying that he had ever been issued an MBNA credit card and demanding proof thereof; he also demanded proof of any arbitration agree *214 ment he had allegedly entered into with Credigy. On February 21, 2007, Credigy filed a motion to amend its complaint to seek the entry of a judgment on an arbitration award that had been rendered on August 25, 2005; that motion was granted. In the amended complaint, Credigy alleged that it had submitted the dispute over the credit-card debt to arbitration by the National Arbitration Forum (“NAF”) in accordance with the original contract between Day and MBNA, that Day had been notified of the arbitration proceedings, that an NAF arbitrator had rendered an award of $8,088.91 against Day, and that Day had failed to satisfy that award within 10 days.
In the amended complaint, Credigy cited Ala.Code 1975, § 6-6-12, a part of the Alabama Arbitration Act, Ala.Code 1975, § 6-6-1 et seq., which provides:
“If the award is not performed in 10 days after notice and delivery of a copy thereof, the successful party may, if an action is pending, cause the award and the file of papers in the case to be returned to the court in which the action is pending or if no action is pending, cause the submission and award to be returned to the clerk of the circuit court of the county in which the award is made. Such award has the force and effect of a judgment, upon which execution may issue as in other cases.”
As long ago construed by our supreme court, this statute does not contemplate that a circuit court will actually enter a judgment on the arbitration award but, rather, that it will merely take notice of the award and give it the force and effect of a judgment. Moss v. Upchurch, 278 Ala. 615, 618, 179 So.2d 741, 744 (1965) (citing Wilbourn v. Hunt, 139 Ala. 557, 563-64, 36 So. 768, 770 (1904)). To avoid enforcement, the party opposing the arbitration award must file a notice of appeal of the arbitration award, at which point the clerk of the circuit court shall enter the award as the judgment of the court. See Ala.Code 1975, § 6-6-15. The judgment may be set aside only for the reasons set out in Ala.Code 1975, § 6-6-14, which provides, in pertinent part:
“An award made substantially in compliance with the provisions of this division is conclusive between the parties thereto and their privies as to the matter submitted and cannot be inquired into or impeached for want of form or for irregularity if the award determines the matter or controversy submitted, and such award is final, unless the arbitrators are guilty of fraud, partiality, or corruption in making it.”
Had Credigy relied exclusively on § 6-6-12 in its amended complaint, it is apparent that the trial court could not have inquired into the existence of an arbitration agreement because Day had failed to file a notice of appeal of the arbitration award and the statutory procedure dictates that the trial court may only consider objections to the arbitration award during the appeal process.
However, in addition to citing § 6-6-12, Credigy also requested the court to “enter a judgment against [Day]” based on the arbitration award. Credigy further asserted that it was “seeking an entry of an arbitration award as a judgment upon which execution can issue.” “The relief sought within the pleading governs, and the nomenclature of the pleading is not controlling.” Garris v. Garris, 643 So.2d 993, 995 (Ala.Civ.App.1994). By requesting entry of a judgment, Credigy clearly invoked Ala.Code 1975, § 6-6-2, which it also cited in its amended complaint and which provides:
“When no action is pending, the parties to any controversy may refer the determination thereof to the decision of *215 arbitrators to be chosen by themselves, and the award made pursuant to the provisions of this division must be entered up as the judgment of the proper court if the award is not performed.”
In Gady v. Tippett, 155 Ala. 296, 46 So. 463 (1908), superseded by statute on other grounds, McDuffie v. Faulk, 107 So. 61, 63, 214 Ala. 221, 224 (1926), our supreme court held that the predecessor to § 6-6-2 requires “the clerical act of filing said submission and award and entering the same up as the judgment of the court.” 155 Ala. at 298, 46 So. at 463.
Based on my review of applicable case-law, we are confronted with a question of first impression as to whether the language of § 6-6-2 authorizes a circuit court to inquire into the existence of an arbitration agreement before performing its clerical task of entering a judgment affirming the arbitration award. I believe it does.
As I read § 6-6-2, a circuit court must enter an arbitration award as its judgment only if the award is not performed and only if “the award [is] made pursuant to the provisions of this division.” An award is “made pursuant to the provisions of this division” if, among other things, it is rendered by an arbitrator “chosen” by “the parties to any controversy.” Therefore, § 6-6-2 basically provides that a circuit court must enter an unperformed arbitration award as its judgment if that award has been rendered by an arbitrator chosen by the parties involved in a dispute. Consequently, by necessary implication, a circuit court may not enter an unperformed arbitration award as its judgment if that award has been rendered by an arbitrator who has not been chosen by all the parties.
Reading § 6-6-2 as described above, a circuit court acting on a petition to enter an arbitration award should decide whether the parties agreed on the arbitrator before entering the award rendered by that arbitrator as its judgment. Obviously, if a circuit court is required to enter an arbitration award rendered by an arbitrator selected by all the parties, it must make an initial determination as to the existence of such an agreement before entering the award under § 6-6-2. If it determines that the parties entered into an arbitration agreement designating the arbitrator as the person to resolve their dispute, and all other conditions set out in the “division” are established, then, pursuant to § 6-6-2, the circuit court must enter as its judgment the unperformed award. On the other hand, if the circuit court finds that the parties did not enter into an arbitration agreement designating the arbitrator as the person to resolve their dispute, then, pursuant to § 6-6-2, the circuit court may not enter the award of that arbitrator as its judgment.
In the present case, there was no evidence offered to the trial court that both parties had agreed to submit their controversy to arbitration.[4] Day testified that he had never possessed an MBNA credit card and further denied having ever filled out an application for an MBNA credit card. Credigy did not produce a credit-card application between Day and MBNA in response to the trial court’s order to do so; *216 nor did Credigy produce any admissible evidence indicating that Day had agreed to arbitrate any claims relating to debt Day accumulated on an MBNA credit card. Consequently, the trial court correctly found that the parties had not chosen an arbitrator to decide their dispute and that the arbitration award was not “made pursuant to the provisions of this division.”
I agree with the main opinion that by stating that only those arbitration awards “made substantially in compliance with the provisions of this division” are conclusive, § 6-6-14 authorizes a circuit court also to set aside a judgment affirming an arbitration award that is not based on an agreement of all the parties to arbitrate. 3 So.3d at 211. Assuming a party properly follows the appeal procedures set out § 6-6-15 and Horton Homes, Inc. v. Shaner, 999 So.2d 462 (Ala.2008), a circuit court can, after the entry of a judgment affirming an arbitration award, make a determination as to the existence of an arbitration agreement and decide whether it erred in entering the judgment affirming the arbitration award. However, the same language in § 6-6-14 upon which the main opinion relies for this power is also contained in § 6-6-2, which bestows upon a circuit court the authority to make a determination as to whether an arbitration agreement exists before entry of the judgment. Therefore, I cannot agree with the main opinion that the statutory framework makes the appeals process the exclusive method for determining whether an arbitration agreement exists.
In short, I believe the operative statutes give a circuit court authority to determine the existence of an arbitration agreement both before and after the entry of a judgment affirming the arbitration award. The first inquiry is made to determine whether judgment should be entered on the award, while the latter concerns whether the judgment should be set aside. In this case, the trial court did not commit reversible error by deciding the issue before entering a judgment affirming the arbitration award. Because the trial court acted in accordance with § 6-6-2, and because the evidence supports the trial court’s determination, I believe it properly dismissed the amended complaint requesting the entry of a judgment affirming the arbitration award. For the foregoing reasons, I would affirm the judgment of the trial court.

. The arbitration award indicates that the arbitrator found that the parties did agree to arbitrate; however, the question whether an arbitration agreement exists is to be decided by a court rather than an arbitrator. Title Max of Birmingham, Inc. v. Edwards, 973 So.2d 1050 (Ala.2007); J.C. Bradford & Co. v. Vick, 837 So.2d 271, 273 (Ala.2002); and Shearson Lehman Bros. v. Crisp, 646 So.2d 613, 618 (Ala. 1994). The main opinion agrees that the trial court has the duty of deciding the existence of an arbitration agreement. Our dispute merely touches on the point at which that determination may be made.