41 So.3d 95 (2009)
TUSCALOOSA CHEVROLET, INC.
v.
Shirley GUYTON.
2080590.
Court of Civil Appeals of Alabama.
December 11, 2009.
*96 John Martin Galese and Cassandra J. Harris of Galese & Ingram, P.C., Birmingham, for appellant.
Glenn Carlyle Noe, Vernon, for appellee.
PER CURIAM.
Tuscaloosa Chevrolet, Inc., appeals from a judgment granting a Rule 60(b), Ala. R. Civ. P., motion for relief from a judgment filed by Shirley Guyton ("Shirley"). We affirm in part, reverse in part, and remand with instructions.
On November 8, 2007, Shirley allegedly signed a $12,000 check ("the check") drawn on her account at AmSouth Bank and made payable to Tuscaloosa Chevrolet. The check was presented to Tuscaloosa Chevrolet as part of the consideration for its leasing an automobile to Teresa Guyton ("Teresa"), although the record does not indicate who presented the check to Tuscaloosa Chevrolet. Subsequently, AmSouth Bank dishonored the check because Shirley's account did not contain sufficient funds to cover the check. On December 19, 2007, Tuscaloosa Chevrolet notified Shirley that her check had been dishonored and gave her 10 days to pay Tuscaloosa Chevrolet $12,000 plus a service charge in the amount of $30.
On January 4, 2008, an attorney, acting on behalf of Shirley, sent Tuscaloosa Chevrolet a letter in which he informed Tuscaloosa Chevrolet that Shirley denied that she had entered into any kind of contractual agreement with Tuscaloosa Chevrolet and that she denied that she owed Tuscaloosa Chevrolet any money. The attorney requested that Tuscaloosa Chevrolet send him any proof it had establishing the existence of the debt.
On January 14, 2008, an attorney who represented Tuscaloosa Chevrolet sent Shirley's attorney a copy of the check allegedly signed by Shirley and requested that Shirley's attorney notify the attorney representing Tuscaloosa Chevrolet if Shirley denied that the signature on the check was hers or that she had authorized the presentment of the check to Tuscaloosa Chevrolet. The record does not contain any indication that Shirley's attorney notified the attorney representing Tuscaloosa Chevrolet that Shirley denied that the signature on the check was hers or that she *97 had authorized the presentment of the check to Tuscaloosa Chevrolet.
On February 22, 2008, Tuscaloosa Chevrolet filed with the American Arbitration Association ("the AAA") a demand for arbitration of its claims against Shirley and Teresa. On May 16, 2008, an arbitrator rendered an award in favor of Tuscaloosa Chevrolet and against Shirley and Teresa. The award recites the procedural history of the arbitration proceeding:
"The Claimant Tuscaloosa Chevrolet, Inc. filed the `Demand for Arbitration' in this matter on February 22, 2008. Pursuant to the Commercial Arbitration Rules of the American Arbitration Association (AAA), a preliminary hearing was held by telephone conference call on April 14, 2008. Because the representative of the Respondents (Teresa Guyton and Shirley Guyton) was unable to participate in that call, the preliminary hearing was rescheduled for May 1, 2008, notice of the May 1, 2008 preliminary hearing was duly sent to all parties, and it proceeded as scheduled. Although notice of the May 1, 2008 conference call was duly sent to [Teresa and Shirley], [they] did not dial into the call nor did they have a representative do so. The May 1, 2008 preliminary hearing thus proceeded in their absence. Pursuant to arrangements made during the May 1, 2008 conference call, the arbitration evidentiary hearing was scheduled for May 14, 2008. Notice of the May 14, 2008 arbitration was duly sent to all parties via certified mail. [Tuscaloosa Chevrolet's] attorney appeared at the hearing with representatives of [Tuscaloosa Chevrolet]. Neither [Teresa nor Shirley] nor an attorney representing them appeared at the hearing, even though the commencement of the hearing was delayed to accommodate their possible late arrival. When they did not appear the hearing proceeded in accordance with the applicable arbitration rules, with [Tuscaloosa Chevrolet] presenting its arguments and evidence."
The arbitrator determined that Shirley and Teresa jointly and severally owed Tuscaloosa Chevrolet the sum of $12,000 plus $1,850 for the cost of the arbitration proceeding. In addition, the arbitrator determined that Shirley alone owed Tuscaloosa Chevrolet a $30 service charge and a $3,000 attorney fee due to the dishonor of the check.
A letter in the record indicates that the AAA sent Tuscaloosa Chevrolet, Shirley, and Teresa copies of the arbitrator's award by certified mail and by facsimile transmission on May 19, 2008. Another letter in the record indicates that, on May 22, 2008, the AAA sent an additional copy of the arbitrator's award to Tuscaloosa Chevrolet by regular mail and sent additional copies of the award to Shirley and Teresa by certified mail.
Neither Shirley nor Teresa paid any of the award made by the arbitrator. Moreover, neither Shirley nor Teresa appealed the arbitrator's award.[1]
On May 29, 2009, Tuscaloosa Chevrolet filed the arbitrator's award with the Jefferson Circuit Court, the circuit court in the county where the award was made.[2] *98 On June 10, 2008, Tuscaloosa Chevrolet supplemented its filing to state that it was seeking a judgment totaling $17,030.
On August 22, 2008, the trial-court clerk entered a judgment on the arbitrator's award. On September 23, 2008, Shirley was served with a summons and copies of the pleadings Tuscaloosa Chevrolet had filed with the trial court. On October 21, 2008, Shirley filed two motions with the trial court, one was a motion to alter, amend, or vacate the judgment entered by the trial court and the other was a motion for relief from that judgment. The motion to alter, amend, or vacate the judgment alleged that Shirley had not been served with process until after the entry of a judgment on the arbitrator's award and that she had not been a party to an arbitration agreement with Tuscaloosa Chevrolet. The motion requested that the trial court vacate the judgment entered on the arbitrator's award so that she could oppose the entry of a judgment on the arbitrator's award. Shirley attached a copy of an arbitration agreement that Teresa and a representative of Tuscaloosa Chevrolet had signed. The arbitration agreement did not bear Shirley's signature.
Shirley's motion for relief from the judgment alleged that she had not been served with process until after the entry of a judgment on the arbitrator's award, that she had not been a party to an arbitration agreement with Tuscaloosa Chevrolet, and that Tuscaloosa Chevrolet's pleadings and the arbitrator's award had misrepresented that Shirley was a party to an arbitration agreement with Tuscaloosa Chevrolet. The motion requested that the trial court relieve Shirley from the judgment so that she could oppose the entry of a judgment on the arbitrator's award.
On October 28, 2008, Tuscaloosa Chevrolet filed a response to Shirley's motions in which it asserted, among other things, that Shirley had waived her right to judicial review of the arbitrator's award by failing to appeal from the arbitrator's award and by failing to file a motion to vacate the arbitrator's award (as opposed to a motion to vacate the judgment entered on the arbitrator's award).[3] The trial court began a hearing on Shirley's motions on January 13, 2009, but it adjourned the hearing until February 4, 2009, without ruling on the motions.
Tuscaloosa Chevrolet noticed the deposition of Shirley for January 26, 2009, in Birmingham; however, Shirley's attorney notified Tuscaloosa Chevrolet's attorney that Shirley would not appear at a deposition in Birmingham. On January 23, 2009, Tuscaloosa Chevrolet moved the trial court to continue the hearing scheduled for February 4, 2009, and to compel Shirley to appear for a deposition in Birmingham at a time convenient for both parties.
On January 28, 2009, Shirley filed an affidavit in which she stated:
"My name is Shirley Guyton. I am over sixty-one years of age, and I reside in Lamar County, Alabama. I *99 have never been a party to any agreement with Tuscaloosa Chevrolet. I have never been a party to any lease agreement with Tuscaloosa Chevrolet. I have never even been inside Tuscaloosa Chevrolet. I did not agree to submit anything to an arbitrator. I did not sign any document agreeing to submit any dispute to arbitration involving Tuscaloosa Chevrolet. I did not participate in any arbitration proceeding involving Tuscaloosa Chevrolet. I have never requested continuances of telephone conferences involving arbitration with Tuscaloosa Chevrolet."
On February 3, 2009, the trial court entered an order granting Tuscaloosa's motion to continue the February 4, 2009, hearing; rescheduling that hearing for March 2, 2009; and ordering that Tuscaloosa Chevrolet's motion to compel would be heard at the March 2 hearing. On February 27, 2009, Tuscaloosa Chevrolet amended its response to Shirley's motions. Among other things, the amended response again asserted that Shirley had waived her right to judicial review of the arbitrator's award by failing to appeal from the arbitrator's award and by failing to file a motion to vacate the arbitrator's award. Also on February 27, 2009, Tuscaloosa Chevrolet moved the trial court to strike Shirley's affidavit because, Tuscaloosa Chevrolet said, it contained legal conclusions rather than facts and her claim that she had never been a party to the automobile-lease agreement was false.
On April 2, 2009, the trial court entered a judgment stating:
"1. Shirley Guyton's Motion to Alter, Amend, or Vacate Judgment was denied by operation of law on January 20, 2009;
"2. Tuscaloosa Chevrolet, Inc.'s Motion to Compel and Motion to Strike are denied;
"3. Because the arbitration award misrepresented that an arbitration agreement had been entered into between Shirley Guyton and Tuscaloosa Chevrolet, Inc., and because there was no agreement to arbitrate between Tuscaloosa Chevrolet, Inc., and Shirley Guyton, Shirley Guyton's Motion for Relief From Judgment is granted and the judgment dated August 20, 2008, against her is hereby set aside."
Tuscaloosa Chevrolet then timely appealed to this court.
Although "[a]n order granting a motion seeking relief from a judgment under Rule 60(b), Ala. R. Civ. P., is generally considered an interlocutory order because further proceedings are contemplated by the trial court," Ex parte Overton, 985 So.2d 423, 424 (Ala.2007), and, therefore, is not appealable, the order granting Shirley's motion for relief from the judgment in the case now before us not only relieved her from that judgment but also rendered a judgment in her favor, which terminated the proceedings in the trial court. Thus, that order is a final, appealable order. See Wal-Mart Stores, Inc. v. Pitts, 900 So.2d 1240, 1244 (Ala.Civ.App.2004) ("[T]he rule barring appellate review of an order granting Rule 60(b) relief is not absolute; where such an order bears sufficient indicia of finality to warrant a conclusion that it constitutes a `final judgment,' pursuant to § 12-22-2, Ala.Code 1975, it is appealable.").
On appeal, Tuscaloosa Chevrolet argues that the trial court erred in granting Shirley's motion for relief from the judgment entered on the arbitrator's award because, Tuscaloosa Chevrolet says, Shirley had waived her right to judicial review of the arbitrator's award by failing to file a notice of appeal from the arbitrator's award and by failing to file a motion to vacate the arbitrator's award. Shirley, *100 on the other hand, citing Credigy Receivable, Inc. v. Day, 3 So.3d 206 (Ala.Civ.App. 2008), argues that, because Tuscaloosa Chevrolet had invoked the jurisdiction of the trial court by seeking to enforce the arbitrator's award pursuant to § 6-6-12, she was not required to file a notice of appeal in accordance with § 6-6-15 as a prerequisite to obtaining judicial review of the validity of the arbitrator's award.
Section 6-6-15 provides:
"Either party may appeal from an award under this division. Notice of the appeal to the appropriate appellate court shall be filed within 10 days after receipt of notice of the award and shall be filed with the clerk or register of the circuit court where the action is pending or, if no action is pending, then in the office of the clerk or register of the circuit court of the county where the award is made. The notice of appeal, together with a copy of the award, signed by the arbitrators or a majority of them, shall be delivered with the file of papers or with the submission, as the case may be, to the court to which the award is returnable; and the clerk or register shall enter the award as the judgement of the court. Thereafter, unless within 10 days the court shall set aside the award for one or more of the causes specified in Section 6-6-14, the judgment shall become final and an appeal shall lie as in other cases. In the event the award shall be set aside, such action shall be a final judgement from which an appeal shall lie as in other cases."
(Emphasis added.)
In Credigy, the record indicated that Stanley B. Day, Jr., had received notice in August 2005 that an arbitrator had rendered an award against Day and in favor of Credigy Receivable, Inc. ("Credigy"), in the amount of $8,088.91. Day did not file a notice of appeal with respect to the arbitrator's award. In August 2006, Credigy sued Day in the Baldwin Circuit Court seeking to recover the same alleged debt that had been the subject of the earlier arbitration proceeding. The alleged debt was based on credit-card charges that Day had allegedly made on a credit card issued by MBNA, N.A. ("MBNA"); MBNA had apparently assigned the alleged debt to Credigy's predecessor in interest.
Day, acting pro se, filed a response to Credigy's complaint in which he denied that he had ever had an MBNA credit card, denied having entered into an arbitration agreement with anyone, and denied participating in an arbitration proceeding. Credigy subsequently amended its complaint to replace its claim seeking recovery of the debt with a claim seeking the entry of a judgment on the arbitrator's award pursuant to §§ 6-6-2 and 6-6-12. Because Day denied that he had ever had an MBNA credit card, the circuit court ordered Credigy to produce a credit-card application between Day and MBNA. The circuit court thereafter held a hearing. Credigy did not produce a credit-card application at the hearing. Day denied that he had ever had an MBNA credit card but admitted that he had received a letter informing him that the arbitrator had made an award against him. Following the hearing, the circuit court dismissed Credigy's action, and Credigy appealed to this court. Reversing the circuit court's judgment dismissing the action, this court stated:
"On appeal, Credigy argues that the trial court erred by failing to enter the arbitration award as a judgment pursuant to § 6-6-2. Credigy further argues that the award cannot be inquired into or impeached because Day did not follow the correct procedures for an appeal of *101 the award set forth in § 6-6-15, Ala. Code 1975.
"The [Alabama Arbitration] Act establishes the procedures by which disputes may be submitted to arbitration and by which arbitration awards are entered in Alabama. Section 6-6-2 provides:
"`When no action is pending, the parties to any controversy may refer the determination thereof to the decision of arbitrators to be chosen by themselves, and the award made pursuant to the provisions of this division must be entered up as the judgment of the proper court if the award is not performed.'
"(Emphasis added.) Once a dispute has been submitted to arbitration and an award made thereon, as is the circumstance in this case, the Act provides that the award will have the effect of a judgment.
"`If the award is not performed in 10 days after notice and delivery of a copy thereof, the successful party may, ... if no action is pending, cause the submission and award to be returned to the clerk of the circuit court of the county in which the award is made. Such award has the force and effect of a judgment, upon which execution may issue as in other cases.'
"§ 6-6-12, Ala.Code 1975.
"In reviewing the record on appeal, we cannot find that the trial court or its clerk ever entered the arbitration award as the judgment of the trial court pursuant to §§ 6-6-2 and 6-6-12. `[W]e must give the words in a statute their plain, ordinary, and commonly understood meaning, and where plain language is used we must interpret it to mean exactly what it says.' Bean Dredging, L.L.C. v. Alabama Dep't of Revenue, 855 So.2d 513, 517 (Ala.2003). Section 6-6-2 states that arbitration awards made pursuant to the Act `must be entered up as the judgment of the proper court if the award is not performed.' (Emphasis added.) `The word "must" is clear and unambiguous and is imperative and mandatory.' Ex parte Prudential Ins. Co. of America, 721 So.2d 1135, 1138 (Ala. 1998). Accordingly, the trial court erred in not entering the arbitration award as its judgment pursuant to § 6-6-2. We reverse the trial court's order dismissing the action and remand the action so that the trial court, or its clerk, see § 6-6-15, Ala.Code 1975, Horton Homes, Inc. v. Shaner, 999 So.2d 462, 464 (Ala.2008), may enter the arbitration award as the judgment of the trial court pursuant to § 6-6-2.
"In his dissent, Judge Moore argues that, pursuant to § 6-6-2, the award may only be entered after the trial court determines that the parties entered an arbitration agreement. Under Judge Moore's interpretation of § 6-6-2, a circuit court has the authority to inquire into underlying questions regarding the existence of the arbitration agreement and the circumstances of the arbitration, even when the party challenging the award has not complied with the appeal procedures established elsewhere in the Act. See §§ 6-6-14 and 6-6-15, Ala. Code 1975. The Act is not a model of clarity. See, e.g., Jenks v. Harris, 990 So.2d 878, 882 (Ala.2008). However, we believe that reading § 6-6-2 as Judge Moore proposes would infringe on the requirements of §§ 6-6-14 and 6-6-15, discussed below, and place a burden on the party seeking to enforce the award that the Act did not clearly intend.
"This decision should not be read to imply that a party may not challenge the existence of an agreement to arbitrate or the propriety of the arbitration in procedural circumstances such as *102 this, where the arbitration award has already been issued and a party is seeking enforcement of that award. On remand, the procedures established by §§ 6-6-14 and 6-6-15 will apply to the trial court's consideration of Day's arguments regarding the existence and enforceability of the arbitration agreement. Section 6-6-14, Ala.Code 1975, establishes specific grounds upon which an arbitration award may be set aside by a circuit court:
"`An award made substantially in compliance with the provisions of this division is conclusive between the parties thereto and their privies as to the matter submitted and cannot be inquired into or impeached for want of form or for irregularity if the award determines the matter or controversy submitted, and such award is final, unless the arbitrators are guilty of fraud, partiality, or corruption in making it.'
"Section 6-6-14 provides that only an award `made substantially in compliance with the provisions of this division' is conclusive between the parties. Although not explicit, this language implies that a party may challenge an arbitration award on the ground that it was not made in compliance with the requirements of the Act, i.e., that the parties did not agree to submit their dispute to arbitration.
"Section 6-6-15, Ala.Code 1975, establishes the procedures for appealing from an arbitration award on the grounds set forth in § 6-6-14. That section provides:
"`Either party may appeal from an award under this division. Notice of the appeal to the appropriate appellate court shall be filed within 10 days after receipt of notice of the award and shall be filed with the clerk or register of the circuit court where the action is pending or, if no action is pending, then in the office of the clerk or register of the circuit court of the county where the award is made. The notice of appeal, together with a copy of the award, signed by the arbitrators or a majority of them, shall be delivered with the file of papers or with the submission, as the case may be, to the court to which the award is returnable; and the clerk or register shall enter the award as the judgement of the court. Thereafter, unless within 10 days the court shall set aside the award for one or more of the causes specified in Section 6-6-14, the judgment shall become final and an appeal shall lie as in other cases. In the event the award shall be set aside, such action shall be a final judgement from which an appeal shall lie as in other cases.'
"In an extensive discussion of § 6-6-15, our supreme court recently noted that `"the procedure for obtaining jurisdiction to review an arbitration award under § 6-6-15, Ala.Code 1975, is far from clear." Jenks v. Harris, 990 So.2d 878, 882 (Ala.2008).' Horton Homes, 999 So.2d at 464. The supreme court then clarified `the role of the circuit court in reviewing an arbitration award' and revised the procedures established by § 6-6-15. See Horton Homes, 999 So.2d at 464.
"Under the procedures established in Horton Homes, a party seeking judicial review of an arbitration award must file a notice of appeal from that award within 42 days from the date the party received notice of the award. 999 So.2d at 464. Thereafter, once the clerk of the circuit court enters a judgment on the award pursuant to § 6-6-2, that judgment is conditional and may be set aside by the circuit court based on the *103 grounds stated in § 6-6-14 if the party challenging the award has filed a motion to vacate.
"Our supreme court has explained the procedures pursuant to which a judgment on an arbitration award may be set aside, stating as follows:
"`The judgment entered by the circuit clerk on the arbitrator's award pursuant to § 6-6-15 is a conditional one; it does not become a final appealable judgment until the circuit court has had an opportunity to consider a motion to vacate filed by a party seeking review of the arbitration award. A party seeking review of an arbitration award is required to file a motion to vacate during this periodwhile the judgment entered by the circuit clerk remains conditional....'
"Horton Homes, 999 So.2d at 467. The party challenging the arbitration award must file the motion to vacate `within 30 days of filing the notice of appeal of the arbitration award and the clerk's entry of the conditional judgment based thereon' in order to `invoke the circuit court's authority to set aside the [conditional] judgment' on the arbitration award. Id. If the party wishing to challenge the arbitration award does not file a motion to vacate within that time, the circuit court's judgment based on the arbitration award becomes final. Id.

"If the party files a timely motion to vacate, `the circuit court shall then have 90 days, unless that time is extended by the consent of all the parties, to dispose of the motion.' Id.

"`If the circuit court grants the motion to vacate during this 90-day period, then the nonmovant has 42 days from the order granting the motion in which to file in the circuit court a notice of appeal of the court's judgment. If the circuit court denies the motion to vacate within 90 days or allows the motion to be denied by inaction after 90 days, then the conditional judgment entered by the circuit clerk becomes final, and the appeal [of the party challenging the award] is processed based on the prior notice of appeal.'
"Id.

"In accordance with the rules established in Horton Homes, supra, the judgment to be entered by the trial court or its clerk pursuant to §§ 6-6-2 and 6-6-12 in accordance with this decision shall be conditional when it is entered. Because the procedures for filing a notice of appeal from an arbitration award under § 6-6-15 were unclear before the supreme court issued its decision in Horton Homes, see 999 So.2d at 468, Day shall have 30 days from the date of this decision to file a notice of appeal from the arbitration award and a motion with the trial court to vacate the award. If Day chooses not to file a notice of appeal and a motion to vacate, the trial court's judgment on the arbitration award, entered in accordance with §§ 6-6-2 and 6-6-12, shall become final. If Day chooses to file a notice of appeal and a motion to vacate the award, he may argue, as he did before, that he never agreed to arbitrate a dispute with Credigy or its predecessors. See § 6-6-14, Ala.Code 1975 (`An award made substantially in compliance with the provisions of this division is conclusive between the parties thereto and their privies as to the matter submitted and cannot be inquired into or impeached for want of form or for irregularity if the award determines the matter or controversy submitted, and such award is final, unless the arbitrators are guilty of fraud, partiality, or corruption *104 in making it.' (emphasis added)). If Day chooses to file a notice of appeal and a motion to vacate, the trial court will then have 90 days to issue a decision on the motion and Credigy's response, as outlined in § 6-6-15 and Horton Homes, supra. Thereafter, the parties and the trial court shall proceed according to the procedures set forth in § 6-6-15 and Horton Homes, supra."
3 So.3d at 210-13 (some emphasis added) (footnote omitted).
When the AAA mailed a copy of the arbitrator's award to Shirley in May 2008, the supreme court had not yet delivered its opinion in Horton Homes. Consequently, the procedures for appealing an arbitrator's award at that time were unclear. See Credigy. Consequently, as we did in Credigy, we reverse the judgment of the trial court insofar as it granted Shirley's motion for relief from the judgment entered on the arbitrator's award and remand the action for the trial court to enter a conditional judgment on the arbitrator's award. Shirley shall have 30 days from the date of this decision to file a notice of appeal from the arbitrator's award and a motion to vacate the award. If Shirley chooses not to file a notice of appeal and a motion to vacate, the trial court's judgment on the arbitrator's award shall become final. If Shirley chooses to file a notice of appeal and a motion to vacate the award, she may argue, as she did before, that she never agreed to arbitrate a dispute with Tuscaloosa Chevrolet.
Tuscaloosa Chevrolet also argues that the trial court erred insofar as it denied Tuscaloosa Chevrolet's motion to strike Shirley's affidavit because, Tuscaloosa Chevrolet says, it contained legal conclusions rather than facts. We disagree; the affidavit states facts. Accordingly, we affirm the trial court's judgment insofar as it denied Tuscaloosa Chevrolet's motion to strike Shirley's affidavit.
Finally, Tuscaloosa Chevrolet argues that the trial court erred insofar as it denied Tuscaloosa Chevrolet's motion to compel Shirley to submit to a deposition in Birmingham. We agree that Tuscaloosa Chevrolet had the right to take Shirley's deposition; however, Tuscaloosa Chevrolet not only sought to compel Shirley to submit to a deposition but also to compel her to do so in Birmingham rather than Lamar County where Shirley lives. The determination whether a defendant who is not a resident of the venue chosen by the plaintiff should be compelled to travel to that venue for her deposition is a matter left to the discretion of the trial court. See Ex parte McNally, 537 So.2d 928, 929 (Ala. Civ.App.1988) ("There is no hard-and-fast rule in Alabama stating whether or not a nonresident defendant must come to the forum to give a deposition. Instead, such a decision is within the power of the trial judge in controlling the discovery process and is left to his or her discretion. The particular circumstances of each case must be considered by the trial judge, who is in a better position to weigh the factors involved when confronted with a dispute over the proper location for the taking of a deposition than is an appellate court."). The record does not contain any indication that the trial court exceeded its discretion in declining to compel Shirley to come to Birmingham for her deposition. Accordingly, we affirm the trial court's denial of Tuscaloosa Chevrolet's motion to compel Shirley to travel to Birmingham for her deposition.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, J., concur.
*105 BRYAN, J., concurs in part, concurs in the result in part, and dissents in part, with writing.
MOORE, J., concurs in part and dissents in part, with writing, in which, THOMAS, J., joins.
BRYAN, Judge, concurring in part, concurring in the result in part, and dissenting in part.
I concur in the main opinion insofar as it affirms the trial court's denial of the motions to strike the affidavit of Shirley Guyton ("Shirley") and to compel Shirley to submit to a deposition in Birmingham. I concur in the result insofar as the main opinion reverses the trial court's order granting Shirley's motion for relief from the judgment entered on the arbitrator's award. However, consistent with my special writing in Credigy Receivable, Inc. v. Day, 3 So.3d 206, 213 (Ala.Civ.App.2008), I dissent from the main opinion insofar as it permits Shirley 30 days from the date of the decision to file an appeal from the arbitrator's award. Within 42 days after Shirley received notice of the arbitrator's award, the supreme court delivered its opinion in Horton Homes, Inc. v. Shaner, 999 So.2d 462 (Ala.2008), which made it clear that Shirley was required to file a notice of appeal within 42 days after she received notice of the arbitrator's award. Yet Shirley neither filed a notice of appeal within 42 days after she received notice of the arbitrator's award nor filed a notice of appeal within 42 days after the supreme court delivered its opinion in Horton Homes. Therefore, I would hold that her failure to file a timely notice of appeal from the arbitrator's award barred the trial court from reviewing the arbitrator's award.
MOORE, Judge, concurring in part and dissenting in part.
I concur in the main opinion insofar as it affirms the trial court's denial of Tuscaloosa Chevrolet's motions to strike Shirley's affidavit and to compel Shirley to submit to a deposition in Birmingham.
With regard to the main opinion's reversal of the trial court's judgment granting Shirley's Rule 60(b), Ala. R. Civ. P., motion for relief from the judgment on the arbitrator's award, however, I respectfully dissent. As cited in the main opinion, my dissent in Credigy Receivable, Inc. v. Day, 3 So.3d 206, 213-16 (Ala.Civ.App.2008), made clear my position that § 6-6-2, Ala. Code 1975, authorizes a circuit court to determine the existence of an arbitration agreement before entering of a judgment affirming an arbitration award.[4] As was the case in Credigy, there was no evidence offered to the trial court in the present case that both parties had agreed to submit their controversy to arbitration. Because, in my opinion, the trial court was within its discretion to determine whether a binding arbitration agreement existed between Shirley and Tuscaloosa Chevrolet, I would affirm the trial court's judgment relieving Shirley from its previous judgment on the arbitrator's award.
THOMAS, J., concurs.
NOTES
[1] Section 6-6-15, Ala.Code 1975, authorizes appeals from an arbitrator's award. Although that statute provides that the notice of appeal must be filed within 10 days after receipt of notice of the arbitrator's award, Horton Homes, Inc. v. Shaner, 999 So.2d 462 (Ala.2008), which the supreme court delivered on June 20, 2008, increased the period for filing such appeals to 42 days. Subsequently, Rule 71B(b), Ala. R. Civ. P., which became effective February 1, 2009, reduced the period for filing such appeals to 30 days.
[2] In pertinent part, § 6-6-12, Ala.Code 1975, provides:

"If the award is not performed in 10 days after notice and delivery of a copy thereof, the successful party may ..., if no action is pending, cause the submission and award to be returned to the clerk of the circuit court of the county in which the award is made. Such award has the force and effect of a judgment, upon which execution may issue as in other cases."
[3] See supra note 1. In Horton Homes, Inc. v. Shaner, 999 So.2d 462 (Ala.2008), the supreme court held "that a party desiring judicial review of an arbitration award pursuant to § 6-6-15 must file in the appropriate circuit court a motion to alter, amend, vacate, or set aside the award within 30 days of filing the notice of appeal of the arbitration award and the clerk's entry of the conditional judgment based thereon." 999 So.2d at 468.
[4] Section 6-6-2 states:

"When no action is pending, the parties to any controversy may refer the determination thereof to the decision of arbitrators to be chosen by themselves, and the award made pursuant to the provisions of this division must be entered up as the judgment of the proper court if the award is not performed."