BRYAN, Judge,
concurring in part, concurring in the result in part, and dissenting in part.
I concur in the main opinion insofar as it affirms the trial court’s denial of the motions to strike the affidavit of Shirley Guy-ton (“Shirley”) and to compel Shirley to submit to a deposition in Birmingham. I concur in the result insofar as the main opinion reverses the trial court’s order granting Shirley’s motion for relief from the judgment entered on the arbitrator’s award. However, consistent with my special writing in Credigy Receivable, Inc. v. Day, 3 So.3d 206, 213 (Ala.Civ.App.2008), I dissent from the main opinion insofar as it permits Shirley 30 days from the date of the decision to file an appeal from the arbitrator’s award. Within 42 days after Shirley received notice of the arbitrator’s award, the supreme court delivered its opinion in Horion Homes, Inc. v. Shaner, 999 So.2d 462 (Ala.2008), which made it clear that Shirley was required to file a notice of appeal within 42 days after she received notice of the arbitrator’s award. Yet Shirley neither filed a notice of appeal within 42 days after she received notice of the arbitrator’s award nor filed a notice of appeal within 42 days after the supreme court delivered its opinion in Horton Homes. Therefore, I would hold that her failure to file a timely notice of appeal from the arbitrator’s award barred the trial court from reviewing the arbitrator’s award.