MOORE, Judge,
concurring in part and dissenting in part.
I concur in the main opinion insofar as it affirms the trial court’s denial of Tuscaloosa Chevrolet’s motions to strike Shirley’s affidavit and to compel Shirley to submit to a deposition in Birmingham.
With regard to the main opinion’s reversal of the trial court’s judgment granting Shirley’s Rule 60(b), Ala. R. Civ. P., motion for relief from the judgment on the arbitrator’s award, however, I respectfully dissent. As cited in the main opinion, my dissent in Credigy Receivable, Inc. v. Day, 3 So.3d 206, 213-16 (Ala.Civ.App.2008), made clear my position that § 6-6-2, Ala. Code 1975, authorizes a circuit court to determine the existence of an arbitration agreement before entering of a judgment affirming an arbitration award.[4] As was the case in Credigy, there was no evidence offered to the trial court in the present case that both parties had agreed to submit their controversy to arbitration. Because, in my opinion, the trial court was within its discretion to determine whether *106 a binding arbitration agreement existed between Shirley and Tuscaloosa Chevrolet, I would affirm the trial court’s judgment relieving Shirley from its previous judgment on the arbitrator’s award.
THOMAS, J., concurs.

. Section 6-6-2 states:
"When no action is pending, the parties to any controversy may refer the determination thereof to the decision of arbitrators to be chosen by themselves, and the award made pursuant to the provisions of this division must be entered up as the judgment of the proper court if the award is not performed.”